UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VICTORIA ROEHRMAN<br><br>                Plaintiff,<br><br>vs.<br><br>MCAFEE, LLC<br><br>                Defendant. | Case No: 1:23-CV-02146<br><br>CLASS ACTION COMPLAINT WITH JURY DEMAND |

**COMPLAINT – INCLUDING CLASS ALLEGATIONS with JURY DEMAND**

Now comes Plaintiff Victoria Roehrman, and for her Complaint on behalf of herself and the putative class, states and avers as follows:

**INTRODUCTION**

1. This class action complaint is advanced against McAfee, LLC ("McAfee") for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and Indiana's Deceptive Consumer Sales Act, I.C. 24-5-0.5. ("DCSA"). Plaintiff also brings an individual claim for McAfee's violations of distinct violations of the DCSA.

2. The claim arises from McAfee's widespread practice of sending misleading and unsolicited marketing texts to consumers, including Plaintiff, violating the TCPA.

3. McAfee's marketing texts included placement of texts to telephone numbers on the National Do-Not-Call registry.

4. McAfee's marketing texts were also contrary to DCSA because, *inter alia,* the texts falsely led Plaintiff to believe her phone was infected with a virus or usage may be compromised when that was untrue. This attempt to coerce Plaintiff and instill fear was unfair, deceptive, and unconscionable.

**THE TCPA**

5. In 1991, Congress enacted the TCPA in response to a growing number of

consumer complaints regarding unwanted calls.

6. Voluminous consumer complaints about abuses of telephone technology prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. The TCPA bans certain practices that invade privacy. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71, 132 S. Ct. 740, 744 (2012).

7. "A leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing robocalls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.'" *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 207 L. Ed. 2d 784, 2020 WL 3633780, at *3 (2020) (Kavanaugh, J.) (*quoting* 137 Cong. Rec. 30821 (1991)).

8. According to the Federal Communication Commission ("FCC"), the agency Congress vested with the authority to issue regulations implementing the TCPA, text or short message service ("SMS") messages are considered calls under the TCPA. Calls and texts are used with the same meaning in this Complaint.

9. To enforce the fundamental privacy right provided under the TCPA, Plaintiff, on behalf of herself and the putative class, advances the instant class action complaint.

10. The texts sent by, or on behalf of, McAfee have caused individuals like Plaintiff actual harm. This harm arises not only because the unconsented texts subjected recipients to the aggravation that necessarily accompanies the receipt of unwanted texts but also because called parties often must pay their cell phone service providers for the receipt of such calls. Moreover, McAfee's texts started with false representations, some of which caused anxiety, worry, and fear, causing recipients to connect to McAfee's site selling its services. These texts are also an invasion of privacy, an intrusion upon seclusion, and cause diminished cellular battery life and waste data storage capacity.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. The Court further has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

13. This Court also has personal jurisdiction over McAfee, who regularly conducts business in Indiana and within this District. *See* 28 U.S.C. § 1391(c)(2).

14. Furthermore, the text messages sent to Plaintiff, giving rise to this case, were received by Plaintiff in this District. Plaintiff suffered the harm associated with the text messages within this District.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES & FACTUAL ALLEGATIONS

16. Plaintiff Victoria Roehrman is a natural person residing in Brownsburg, Indiana.

17. At all times relevant, Plaintiff was the subscriber and sole user of the cellular telephone, number ending 0620, which received the telemarketing texts that are the subject of the TCPA claim.

18. McAfee is a corporation in the business of selling computer security software, with its principal place of business in San Jose, California.

19. McAfee is a global cyber security company that telemarkets to solicit sales of

antivirus software products.

20. McAfee uses instruments of interstate commerce for its principal purpose of business.

21. McAfee is vicariously liable for any texts placed by agents, representatives, or other third parties on McAfee's behalf.

22. At all times relevant, Plaintiff used her cellular telephone for residential purposes.

23. Plaintiff registered that cell phone number on the National Do-Not-Call registry in or around July 2004.

24. Plaintiff registered her cellular phone number on the National Do-Not-Call registry to obtain privacy and solitude from invasive and harassing telemarketing calls and text messages.

25. On or about August 3, 2021, McAfee began to place a litany of telemarketing text messages to Plaintiff to sell Plaintiff antivirus software.

26. Before receiving text messages from McAfee, Plaintiff never sought information about McAfee's products, nor did Plaintiff engage in any communications or otherwise do business with McAfee.

27. Plaintiff did not consent to being contacted by McAfee.

28. The subject text messages were sent for telemarketing purposes.

29. Despite registration on the National Do-Not-Call Registry, McAfee placed unsolicited text messages to Plaintiff numerous times, attempting to sell Plaintiff antivirus software.

30. Defendants sent at least twenty-three (23) telemarketing text messages to Plaintiff.

31. An inexhaustive list of those text messages to Plaintiff's phone ending in 0620 is below:

    i. August 3, 2021 at 5:07 p.m.

      ii.      August 3, 2021 at 10:58 p.m.

      iii.      August 5, 2021 at 11:43 p.m.

      iv.      August 17, 2021, at 10:21 p.m.

      v.      August 27, 2021 at 4:20 p.m.

      vi.      September 1, 2021 at 3:34 p.m.

      vii.      September 2, 2021 at 4:14 p.m.

      viii.      September 3, 2021 at 9:09 a.m.

      ix.      November 12, 2021 at 9:28 a.m.

      x.      November 14, 2021 at 12:19 p.m.

      xi.      December 11, 2021 at 10:08 a.m.

      xii.      December 13, 2021 at 4:05 p.m.

      xiii.      December 13, 2021 at 4:05 p.m.

      xiv.      December 28, 2021 at 11:41 a.m.

      xv.      January 3, 2022 at 4:21 p.m.

      xvi.      January 4, 2022 at 2:58 p.m.

      xvii.      January 6, 2022 at 1:54 p.m.

      xviii.      January 6, 2022 at 1:55 p.m.

      xix.      January 10, 2022 at 2:13 p.m.

      xx.      January 11, 2022 at 11:33 a.m.

      xxi.      January 19, 2022 at 9:51 a.m.

      xxii.      January 19, 2022 at 12:22 p.m.

      xxiii.      February 5, 2022 at 2:14 p.m.

32.    Plaintiff repeatedly requested McAfee stop texting her, including on September 2, 2021, and again on January 11, 2022. Plaintiff directed McAfee to stop texting by texting "STOP" in response to McAfee's telemarketing texts.

33.    Some of the text messages McAfee sent to Plaintiff deceptively and falsely stated

that Plaintiff's device was "infected with a dangerous virus."

34. Some text messages included a link to "Clean Phone now."

35. Other texts falsely claimed Plaintiff had received a refund or won a prize before redirecting to the McAfee ordering webpage on the McAfee site.

36. Once Plaintiff pressed the link in any McAfee telemarketing messages, she was ultimately redirected to a McAfee webpage encouraging McAfee antivirus products for purchase.

37. At the bottom of that page was the option to "REMOVE THREATS."

38. Upon information and belief, McAfee's texts employed backward redirection marketing whereby a company solicits its product. Then, once a prospective customer attempts to leave the page, there is a "second chance" by scripting a webpage not to return to the previous page but instead redirected to a previously selected page, here McAfee.

39. Accordingly, McAfee benefits from these deceptive and violative marketing practices.

40. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, invasion of privacy, and intrusion upon her seclusion.

41. The foregoing acts and omissions violated the TCPA and Indiana's Deceptive Consumer Sales Act.

42. To the extent McAfee outsourced its campaign of unlawful telemarking texts, McAfee is vicariously liable for violative texts under agency theories. *See In re Joint Petition Filed by Dish Network, L.L.C.*, 28 F.C.C. Rcd. 6574 (F.C.C. 2013), and *In re Monitronics Int'l, Inc.,* 2014 U.S. Dist. LEXIS 10028, *16-17, 2014 WL 316476, citing *In re Joint Petition*, 28 F.C.C. Rcd. at ¶ 28.

43. To the extent McAfee outsourced its campaign of unlawful telemarking texts, McAfee acted as a principal and hired, permitted, and enjoyed the benefits of the texting campaign.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227(b) – Unconsented Telemarketing**
**(On Behalf of Plaintiff and the Class)**

44. Plaintiff restates and incorporates the foregoing allegations as if fully set forth herein.

45. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

46. McAfee, or their agent(s), sent telemarketing text messages to Plaintiff's cellular telephones and the other putative Classes members, defined below.

47. These texts were sent without regard to whether McAfee had obtained prior express written consent from the recipient. McAfee did not have prior express written consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Classes when the texts were sent.

48. Defendants have, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by making prerecorded non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Classes without their written prior express permission. *See* 47 C.F.R. § 64.1200(a)(2), *adopted by* 27 F.C.C. Rcd. 1830 (F.C.C. Feb. 15, 2012), 27 F.C.C.R. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (F.C.C. Feb. 15, 2012).

49. McAfee knew it did not have prior express written consent when sending the subject texts. The violations were, therefore, willful and knowing.

50. As a result of McAfee's conduct and under § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Classes were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

51. Plaintiff and the putative classes are also entitled to an injunction against future calls.

52. Because McAfee knew or should have known that Plaintiff and the other members of the putative classes had not given prior express consent to receive prerecorded voice calls to their cellular telephones – and willfully made prerecorded voice messages to call the cell phones of Plaintiff and the other members of the Class without prior express – statutory damages should be trebled under § 227(b)(3) of the TCPA.

53. McAfee knew or should have known that Plaintiff and the other members of the putative classes had told Defendant to "stop" sending marketing texts to their telephones – yet McAfee disregarded these instructions and kept texting; accordingly, the amount of statutory damages available to Plaintiff and the other members of the putative classes under § 227(b)(3) of the TCPA should be trebled.

54. Plaintiff was injured by McAfee's telemarketing text messages. The plaintiff's privacy was wrongfully invaded, and the Plaintiff has suffered aggravation and frustration from dealing with repeated and unwanted texts.

**COUNT II**
**Violations of the TCPA, 47 U.S.C. § 227(c)(5) – Do-Not-Call Violations**
**(On Behalf of Plaintiff and the Class)**

55. Plaintiff restates and incorporates the foregoing allegations as if fully set forth herein.

56. 47 U.S.C. § 227(c)(5) of the TCPA and its accompanying regulatory code, 64 C.F.R. § 64.1200(c) prohibits any person or entity from initiating any telephone solicitation to a telephone subscriber registered their telephone number on the National Do-Not-Call registry of persons who do not wish to receive telephone solicitations. *See* 47 U.S.C. § 227(c).

57. McAfee contacted Plaintiff even though Plaintiff's telephone number had been registered on the National Do-Not-Call registry since July 2004.

58. Plaintiff was injured by McAfee's telemarketing text messages notwithstanding her registration on the National Do-Not-Call registry. The plaintiff's privacy was wrongfully invaded, and the plaintiff has suffered aggravation and frustration from dealing with repeated

and unwanted texts from McAfee.

## CLASS ALLEGATIONS AS TO COUNTS I AND II

59. Plaintiff brings Counts I and II on behalf of Classes defined as follows, subject to amendment as appropriate:

**No Consent class**

(1) All persons in the United States (2) whom Defendant or some third party acting on behalf of Defendant (3) sent a text encouraging the purchase of a McAfee good or service (4) on the recipient's cellular phone (5) where the recipient did not give Defendant prior express written consent (6) on or after August 3, 2017.

**"Stop" Calling sub-class**

(1) All persons in the United States (2) whom Defendant or some third party acting on behalf of Defendant (3) sent a text encouraging the purchase of a McAfee good or service (4) on the recipient's cellular phone (5) where the recipient had previously told Defendant, or the party texting on Defendant's behalf, to "stop" (5) on or after August 3, 2017.

**National Do-Not-Call sub-class**

(1) All persons in the United States (2) who Defendant or some third party acting on behalf of Defendant (3) placed a call encouraging the purchase of a McAfee good or service (4) on or after August 3, 2017 (4) where the recipient's telephone number was included on the National Do-Not-Call registry.

60. Upon information and belief, McAfee called more than 100 members of the putative classes using an automated or prerecorded voice within four years before this filing.

61. Common questions of law or fact exist as to all members of the putative classes, and these common questions predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the classes include but are not limited to:

   a. Whether McAfee had prior express written permission to contact Plaintiff and the other

members of the putative classes when they sent texts to their cell phones.

b. Whether McAfee's violations were willful or knowing such that Plaintiff and the members of the putative classes are entitled to treble damages.>>

c. Whether putative class members were registered on the National Do-Not-Call registry.

62. Plaintiff's claims are typical of the claims of the other members of the putative classes. Also, the factual and legal bases of McAfee's liability to Plaintiff and the other members of the putative classes are the same: McAfee violated the TCPA by causing the cellular telephone number of each member of the putative classes, including Plaintiff, to be texted marketing materials or called without prior express written permission.

63. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has no interests that might conflict with the interests of the classes. Plaintiff is interested in pursuing her claims vigorously and has retained counsel competent and experienced in class and complex litigation, including concerning the claims alleged herein.

64. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, more than one hundred members of the putative classes, such that the joinder of all members is impracticable.

65. No difficulties are likely to be encountered in managing this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

66. McAfee has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the classes, thereby making final injunctive relief and corresponding declaratory relief appropriate concerning the classes as a whole. Prosecution of separate actions by individual members of the putative classes, should they even realize that their rights have

been violated, would likely create the risk of inconsistent or varying adjudications concerning individual members of the classes that would establish incompatible standards of conduct.

67. The identity of the classes are, on information and belief, readily identifiable from McAfee's records.

## COUNT III
### Violations of the IN Code 24-5-0.5-3(a) and (b)(19) – Indiana DCSA
### (On Behalf of Plaintiff)

68. Plaintiff restates and incorporates the foregoing allegations as if fully set forth herein.

69. McAfee violated the Indiana Deceptive Consumer Sales Act, Indiana Code 24-5-0.5-3(a) and (b)(19) ("DCSA") by engaging in an unfair, abusive, and deceptive practice through its systematic attempts to solicit an antivirus program to Plaintiff.

70. McAfee's text messages included implicit and explicit misrepresentation, violating I.C. 24-5-0.5-3(a).

71. McAfee's actions were "incurable deceptive acts."

72. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

73. McAfee is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5(a)(3).

74. McAfee's solicitation text messages were "consumer transactions" as defined by I.C. 24-5-0.5-2(a)(1)(C).

75. McAfee's actions were part of a scheme, artifice, or device with intent to defraud or mislead by suggesting Plaintiff's device was infected with a virus, when that was untrue, in violation of I.C. 24-5-0.5- 2.

76. McAfee engaged in unfair, abusive, and deceptive behavior in its solicitations directed to Plaintiff. Through systematic and frequent solicitation attempts, McAfee repeatedly sent unsolicited and misleading texts to Plaintiff.

77. McAfee sent the subject deceptive texts to Plaintiff despite Plaintiff's registration on the National Do-Not-Call registry.

78. McAfee sent the subject deceptive texts to Plaintiff despite Plaintiff's demands that McAfee's solicitation attempts cease. McAfee purposefully ignored Plaintiff's demands in an abusive attempt to solicit antivirus products.

79. McAfee's continual contact despite Plaintiff's registration on the National Do-Not-Call registry and Plaintiff's repeated attempts to demand that communications cease was abusive behavior.

80. McAfee's violations of the TCPA further violated the DCSA.

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the classes, prays for the following relief:

a. A declaration that McAfee's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from causing text messages to be sent to cellular telephones without the prior express written consent of the called party;

c. An award of actual damages;

d. An award of statutory damages for Plaintiff and each class member in the amount of $500.00 for every call that violated the TCPA;

f. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each class member for every call that violated the TCPA;

g. Awarding Plaintiff statutory damages of $500 per violation and $1,000 per willful violation under I.C. 24-5-0.5-4(a)(1) and 24-5-0.5-4(a)(2);

h. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

i. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

j. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate class and any subclass the Court deems appropriate, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the classes; and

k. Such further and other relief the Court deems reasonable and just.

Respectfully submitted,

WELLS LAW OFFICE, INC.

By: /s/ *Amy L. Wells*
AMY L. WELLS, pro hac vice to be filed
Ohio No. 78247
122 South Michigan Avenue, Suite 1390-145
Chicago, Illinois 60603-6036
(773) 762-9104
amywellls@equaljusticelaw.com

Stacy M. Bardo (*pro hac vice* to be filed)
Bardo Law, P.C.
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 219-6980
stacy@bardolawpc.com


John T. Steinkamp
John Steinkamp & Associates
5214 S East St. Suite D1
Indianapolis, IN 46227
(317) 780-8300
John@johnsteinkampandassociates.com

*Counsel for Plaintiff*