IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VICTORIA ROEHRMAN

      Plaintiff,

vs.

MCAFEE, LLC

      Defendant.

Case No: 1:23-cv-2146-JMS-MG

### PLAINTIFF'S RESPONSE TO DEFENDANT MCAFEE, LLC'S MOTION TO STRIKE DECLARATIONS

  Plaintiff properly submitted three Declarations to support her opposition to Defendant McAfee, LLC's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss and as a response to McAfee's Declaration of Jessica Hsu.[1] Defendant moves to strike all three Declarations, even though such motions are disfavored. *See Caterpillar, Inc. v. Wilhelm*, 824 F. Supp. 2d 828, 835 (C.D. Ill. 2009) (*citing Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "Courts generally do not grant motions to strike unless the defect in the pleading causes some prejudice to the party bringing the motion." *Caterpillar,* 824 F. Supp. 2d at 835 (*citing Hoffman v. Sumner*, 478 F.Supp.2d 1024, 1028 (N.D. Ill. 2007)). *See also Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-cv-0101-DFH-TAB, 2005 U.S. Dist. LEXIS 15475, at *4, fn 1 (S.D. Ind. June 29, 2005) ("Defendant points out that the affidavits include hearsay in the form of testimony about what other employees told the affiants about whether defendant paid them overtime. Defendant's motion to strike such hearsay is denied. At this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial.")

---

[1]  McAfee's motion to dismiss was filed as Dkt. 49, with a supporting memorandum filed as Dkt. 51. Jessica Hsu's Declaration was filed as Dkt. 50.

1

Moreover, while the Local Rules only discuss motions to strike in the context of summary judgment motions, Local Rule 56-1 states, "The court disfavors collateral motions—such as motions to strike— in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief."

### A. The Bardo Declaration

First, McAfee moves to strike the printed webpages attached to the Bardo Declaration. Dkt. 58-1. These webpages are available at the clickable links contained within paragraphs 2(A) and (B) so they can be reviewed within the motion filing itself without reliance on the print-outs. This clearly indicates the web pages remain active and accessible, rendering reliance on the print-outs themselves unnecessary.[2]

The links and the accompanying print-outs are simply made available for the Court's review because Plaintiff cites to them in her brief for two unremarkable propositions: (1) how third parties become McAfee marketing vendors; and (2) how McAfee offers payment to marketing vendors. This background source material is not dispositive of any critical issue necessary for this Court to rule on McAfee's jurisdictional dispute and is not offered for the truth of the matter asserted. Rather, it is reference material relevant to Plaintiff's agency allegations.

Here, discovery is stayed and the parties are briefing Defendant's motion to dismiss, but even at summary judgment, parties do not need to show that evidence is <u>admissible</u> – only that it could be presented for trial in an admissible form. *Khorloo v. John C. Heath Atty. at Law, PLLC,* No. 18-cv-01778,

---

[2] In the event the webpage should be removed, the Bardo Declaration can be amended, if the Court deems this necessary at the pleading stage, to state the screenshots are true and accurate representations of the https://uppromote.com/affiliate-program-directory/mcafee/ and https://signup.cj.com/member/signup/publisher/?cid=5306132&utm_sour#/branded websites on the applicable date. These webpages remain active and accessible. Likewise, the screenshots obtained from Plaintiff's cellular phone represent true and accurate depictions of still shot images as time-stamped thereon.

2021 U.S. Dist. LEXIS 60845, at *3 (N.D. Ill. Mar. 30, 2021). Here, "there is no reason to believe that Plaintiffs could not authenticate the documents at trial by presenting testimony from a person with personal knowledge, presenting expert testimony, or pointing to the webpages' distinctive characteristics. *See id.* (*citing U.S. SEC v. Berrettini*, No. 10-cv-1614, 2015 U.S. Dist. LEXIS 115963, 2015 WL 5159746, at *6 (N.D. Ill. Sept. 1, 2015) (describing common methods for authenticating webpages)).

McAfee next moves to strike the printed screenshots from Plaintiff's cell phone, even though the Bardo Declaration asserts that she has knowledge as to what they are – still shots of a video showing how the text message links to a McAfee-branded site. As Plaintiff and her counsel possess the video from which the screenshots were captured, it can be made available to the Court for an *in camera* inspection. As Defendant's own declarant admits the texts were traced to subcontractors of McAfee's marketing vendor Commission Junction, the Plaintiff's screenshots illustrate how the text messages link led to a McAfee site:

> At my direction, McAfee promptly investigated all of the newly disclosed hyperlinks and was able to trace many of them (15) to a total of four companies that are all subcontractors of Commission Junction, including Yep Ads, Adstart, Gotzha, and ClickDealer.
>
> McAfee sent all four companies cease-and-desist letters, with a copy to Commission Junction, demanding that, if they or their sub-vendors were sending text-message marketing materials related to McAfee, they must immediately terminate the non-compliant conduct.

Dkt. 50 (PageIDs 373-375).

The Bardo Declaration does not contain legal conclusions or argument, but simply states where documents were obtained. The clickable links contained within the Declaration lead to the websites themselves, and the still screenshots can be provided in video format if the Court would like to view them. When a declaration is simply used as a ministerial way to attach exhibits to a memorandum, attorneys routinely are found to have sufficient knowledge of their client's documents. As one court noted in denying a similar motion to strike an attorney declaration attaching exhibits:

> The Declaration simply states that it attaches true and correct copies of exhibits and that Mr. Fox's law firms are qualified to act as counsel in this case. As counsel for Mr. Fox in this matter, Mr. Francis likely has personal knowledge of documents produced during discovery and of the deposition of Ms. Curley, at which he was present. He also likely has personal knowledge of the qualification of his own firm and those of his co-counsel. Otherwise, the Court finds there is nothing improper about use of an attorney declaration for the purpose of identifying and organizing exhibits to a motion. *See South v. Progressive Select Ins. Co.*, No. 19-21760-CIV, 2020 U.S. Dist. LEXIS 250712, 20 WL 8641572, at *3 (S.D. Fla. Dec. 28, 2020) (Dimitrouleas, J.).

*Fox v. Ritz-Carlton Hotel Co., LLC*, No. 17-CV-24284-COOKE, 2022 U.S. Dist. LEXIS 107045, at *19 (S.D. Fla. June 14, 2022).[3]

The Bardo Declaration is a non-substantive, ministerial document that describes source material for the Court's review and should not be stricken.

**B.      The Victoria Roehrman Declaration**

As the named Plaintiff in this putative class action, Victoria Roehrman submitted a Declaration setting forth her personal knowledge regarding the text messages she received on her Indiana area-code-based cell phone. Dkt. 58-2. She certifies that she saved her text messages on her cell phone and that the printed versions of the text messages attached to her Declaration match the messages on her cell phone. She then explains that she asked her son to save the websites to which the text messages led, and Thomas Roehrman submits his own Declaration explaining that process. Dkt. 58-3. McAfee's argument that Ms. Roehrman lacks the personal knowledge necessary to submit the Declaration is simply wrong.

Ms. Roehrman does not "recount statements made by her son," as McAfee claims. She states what she asked him to do, and then affirms that she compared the print-outs attached to her Declaration to her cell phone texts. Accordingly, her Declaration does not contain the type of "classic" hearsay (*i.e.*, testimony about what another person said) but rather, refers to documents that can be authenticated at trial. *See, e.g., Gralia v. Edwards Rigdon Construction Co.*, No. 1:19-cv-02079-JMS-MPB,

---

[3]     McAfee attorney Ryan Watstein was also counsel of record in the *Fox* case.

2020 U.S. Dist. LEXIS 185052, at *8 (S.D. Ind. Oct. 6, 2020) ("The proposition that a 'nonmoving party does not have to produce evidence in a form that would be admissible at trial in order to avoid summary judgment,' supports allowing testimony for which a foundation is otherwise lacking or documents that need authentication and background.") (*citing Dunn-Lanier v. Indianapolis Public Schools*, No. 1:17-cv-03687-SEB-MJD, 2019 U.S. Dist. LEXIS 129405 (S.D. Ind. Aug. 2, 2019)) (internal citation omitted). Ms. Roehrman's screenshots show time and date, and some even reference her as "Vicky," further indicia that the screenshots are what she says they are. As Victoria and Thomas Roehrman are both available to testify as to their personal review of the text messages, printed screenshots, and linked websites, there is no basis to strike Ms. Roerhman's Declaration.

### C. The Thomas Roehrman Declaration

Mr. Roehrman's Declaration, Dkt. 58-3, explains his background in affiliate marketing, which necessarily explains how he has personal knowledge of: (a) McAfee's description of their marketing vendor program; and (b) how the text messages received by Ms. Roehrman sent recipients to McAfee websites. He also sets forth his personal knowledge regarding his review of text messages received by his mother. His statements are not being proffered as expert opinion at this juncture. Rather, like McAfee's own Hsu Declaration, they are personal knowledge.[4]

There is no basis to strike Mr. Roehrman's Declaration because his personal knowledge is evident, he authenticates the screenshots attached to the Victoria Roehrman and Bardo Declarations, and explains how the URLs identify the marketing affiliate. Mr. Roehrman also explains that the original videos and screenshots are available for review.

Plaintiff does not introduce Mr. Roehrman as an expert witness but as a fact witness who explains how the text messages provide a basis for McAfee's personal jurisdiction in this district.

---

[4] Ms. Hsu states that McAfee identified the subcontractors by looking at the text message links provided by Plaintiff.

Because McAfee may be found liable for the telemarketing acts of its affiliates, McAfee is subject to specific jurisdiction based on established minimum contacts with this forum via the conduct of its marketing affiliates in texting Ms. Roehrman's Indiana cell phone. *See, e.g.*, *United States v. Dish Network L.L.C.*, 954 F.3d 970, 975 (7th Cir. 2020) (defendant may be liable for the unlawful telemarketing acts of its affiliates, even when such defendant denies involvement or claims its affiliates are independent contractors); *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (if defendant's contacts with the forum state relate to the challenged conduct or transaction, specific personal jurisdiction may be found). McAfee will be free to cross-examine Mr. Roehrman at any evidentiary hearing on personal jurisdiction or later, at trial. Even if Plaintiff decided to later designate Mr. Roehrman as a marketing expert, "[d]eterminations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010); *Starr Indemnity & Liability Co. v. YRC, Inc.*, No. 15-cv-6902, 2020 U.S. Dist. LEXIS 247586, at *12 (N.D. Ill. Jan. 13, 2020) ("[T]he court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.")

    Mr. Roehrman has the personal knowledge to explain how he took screen shots and video recordings of the text messages on his mother's phone and how they demonstrate McAfee's involvement because the text message prompts led to McAfee sites. This should not be a controversial position, considering that McAfee identified the subcontractors of its affiliates from these same links and sent them cease and desist correspondence. *See* Dkt. 50-3 – 50-8.

    Mr. Roehrman's Declaration is therefore based on his personal knowledge of the text messages at issue in Plaintiff's complaint. It also does not contain inadmissible hearsay because he is merely stating how the URL was obtained. *See Fultz v. Indiana*, No. 3:19-CV-557, 2020 U.S. Dist. LEXIS 214719, at *5 (N.D. Ind. Nov. 17, 2020) (motion to strike affidavit denied because it described the

6

document itself and how it was completed; it was not offered for the truth of what the document itself asserted). For these reasons, his Declaration should not be stricken.

### D. All Three Declarations Submit Relevant Information

As McAfee states in its motion to strike, "[f]or McAfee's Motion to Dismiss, evidence is relevant if it relates to the issues of personal jurisdiction, such as demonstrating that McAfee purposefully directed activities toward the forum state or engaged in continuous and systematic business operations within the state." This is precisely what the screenshots authenticated by Plaintiff's Declarations show – Plaintiff's Indiana cell phone number with a (347) area code, the original text link, and the resulting URL to McAfee.

Under Plaintiff's vicarious liability theory, this attaches TCPA liability to McAfee. *See*, *e.g.*, ¶ 24 of the First Amended Complaint ("McAfee is vicariously liable for any texts placed by its agents, representatives, and third parties with whom McAfee contracted because, (a) McAfee provides its vendors with marketing messaging, materials, brand guidelines, and resources and uses McAfee program managers to monitor vendor activities and sales, (b) McAfee's vendors are required to use marketing language that benefits McAfee, and (c) McAfee retains specific rights to revoke vendor authority for specific ad campaigns, giftcard promotions, and messaging language.); *In re Joint Petition Filed by Dish Network, L.L.C.*, 28 F.C.C. Rcd. 6574 (F.C.C. 2013), and *In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *8 (N.D. W. Va. Jan. 28, 2014) ("it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers"). Plaintiff also notes that McAfee moves the Court to strike the Declarations as irrelevant without offering any authority to support its request.

### Conclusion

In sum, the Declarations, (a) attach and describe printed screenshots from Plaintiff's cell phone illustrating the texts at issue, (b) reference websites discussing McAfee's text marketing affiliate

7

programs, and (c) demonstrate how clicking on a particular text resulted in a specific URL referencing McAfee. These Declarations therefore contain information relevant to assessing McAfee's jurisdictional dispute and, as stated herein, are based on the personal knowledge of each declarant and will be able to be authenticated through saved images and videos. For all the reasons stated herein, McAfee's motion to strike must be denied.

        Respectfully submitted,

        By: */s/ Stacy M. Bardo*
        Stacy M. Bardo, admitted *pro hac vice*
        Bardo Law, P.C.
        203 North LaSalle Street, Suite 2100
        Chicago, Illinois 60601
        (312) 219-6980
        stacy@bardolawpc.com

        Amy L. Wells, admitted *pro hac vice*
        Wells Law Office, Inc.
        122 S. Michigan Avenue, Suite 1390-145
        Chicago, Illinois 60603-6036
        (773) 762-9104
        amywells@equaljusticelaw.com

        John T. Steinkamp
        John Steinkamp & Associates
        5214 S East St. Suite D1
        Indianapolis, IN 46227
        (317) 780-8300
        John@johnsteinkampandassociates.com

        *Counsel for Plaintiff*